UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEVERLY DIANE ANTWI,

                 Plaintiff,

– against –

HEALTH AND HUMAN SYSTEMS (CENTERS) F.E.G.S.,

                 Defendant.

**AMENDED OPINION AND ORDER**

13 Civ. 835 (ER) (FM)

Ramos, D.J.:

       This action arises from claims by Plaintiff Beverly Diane Antwi ("Plaintiff" or "Antwi"), a *pro se* litigant, that Defendant Health and Human Systems (Centers) F.E.G.S. ("FEGS" or "Defendant"), a private non-profit organization, unlawfully hospitalized her against her will, denied her benefits from government programs and misappropriated her money. Following a series of involuntary hospitalizations, Antwi received residential and counseling services from FEGS. Liberally construed, the Complaint asserts claims against FEGS for gross negligence, "psychological abuse" and violations of her human and constitutional rights, pursuant to 42 U.S.C. § 1983. *See* Doc. 1. In order to address the limited arguments set forth in Plaintiff's late-filed reply brief, Doc. 42, the Court issues the instant Amended Opinion and Order, which modifies the Court's previous Opinion and Order denying summary judgment, Doc. 41.

       Presently before the Court is Plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Pl.'s Mot., Doc. 27. Defendant principally asserts that Plaintiff has failed to carry her burden of demonstrating that judgment as a matter of law is warranted. Def.'s Opp., Doc. 37. Defendant claims that Antwi agreed to pay FEGS a monthly

fee for her residence at its facility, which would be deducted from funds she was entitled to pursuant to government programs; that FEGS had no role in forcing her to undergo court-ordered involuntary treatment; and that, as a private entity, FEGS cannot be sued under 42 U.S.C. § 1983.  *Id.*  For the reasons discussed below, Plaintiff's motion is DENIED.

**I.     Background**

Plaintiff's hefty submission to the Court begins with a one-page "notice of motion" and a one-page "affirmation in support of motion," both of which state little more than that Plaintiff is entitled to summary judgment under Rule 56 because "supporting affidavits" and "court transcripts" prove that "the defense has no defense."  Pl.'s Mot. 2.  Rather than supporting affidavits, however, the balance of the motion papers filed by Plaintiff consist of more than 600 pages of "exhibits," including what appear to be notes from doctor's visits, Social Security Income ("SSI") statements, bills, credit reports, Supplemental Nutrition Assistance Program ("SNAP") recertification paperwork, hundreds of pages of FEGS "progress notes" written by social workers, and miscellaneous pleadings from the instant proceeding.  The documents do not appear to have been organized in chronological or any obvious order.  On certain of these pages Plaintiff has handwritten remarks and/or argument over, or alongside, the statements by the original authors of the documents.  Plaintiff's annotations are generally inscrutable.

For example, immediately following the "affirmation in support of motion," Plaintiff attaches Magistrate Judge Maas's September 6, 2013 Order, Doc. 21, on which she writes: "<u>Respond</u> Mislead the Court served Adronaid Medina with all motions.  Mov [sic] that at deposition attorneys for defense can't use any of my info[rmation] because I served them with [a] whole 'pile of papers' because you granted me a waiver of affidavit of service."  Doc. 27 at 3

2

(emphasis in original).[1]  The next document, "Exhibit 1," contains handwritten statements that "[t]heirs [sic] 2 numbers FEGS collected under, 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-Mine, 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-Illegal.  Both are on my credit report (provided) comes up to 1.45 million dollars in Social Security money and I haven't seen even ½ of it.  Please take into consideration the debt.  It's 1.45 million per social security number."  Doc. 27-1 at 2.  Plaintiff next attaches what appears to be a credit report from a company called TransUnion, issued on December 12, 2012, which states, *inter alia*, that the names reported, "Beverly D. Antwi and Beverly Antwy," owe $319 to "Sprint PCS (Cable/Cellular)."  The document also lists "SSN XXX-XX-6392," which Plaintiff circled in pen.  Regarding that number, Plaintiff writes:  "Now, 6392 is my correct # but, now all of a sudden they're collecting under 6292.  But, my name HIPPA [sic], and former addresses.  My social security # is untrue.  Born in Abilene Kansas! Trailer park."  Doc. 27-1 at 3 (emphasis in original).  On the next document, an Experian credit report dated January 24, 2013, Plaintiff circled the number "XXX-XX-6292" in pen, but did not write additional notes.  Doc. 27-1 at 9.

   On what appears to be a printed expenditure report dated March 25, 2011, which includes various itemized payment amounts and codes, including "EMRG IND," Doc. 27-4 at 70, Antwi writes, "notice it says emergency individual?  They're stealing my food stamps every month!"  The following page contains statements by Antwi that "Juanita Robinson had my food stamps taken for a 3-week hosp[italization] – I want reimbursement," "there was no collateral contract so I was probably hospitalized for somebody else's issue," and "when I complained to the 47th precinct (because I wasn't informed that my food stamps were taken until I went to the food stamp office), they had me readmitted for supposed delusionality [sic].  Not the police; FEGS."  *Id.* at 71.  The following page, an undated note by FEGS "To Whom It May Concern," states,

---

[1] For clarity, the Court refers to the attachments to Plaintiff's motion by their ECF document and page numbers.

*inter alia*, that police escorted Antwi to an ambulance to go to the hospital on December 18, 2010.  Next to that entry, Antwi writes, "not true wasn't me."  *Id.* at 72.  Progress notes written by a FEGS caseworker, *id.* at 77, state that on November 1, 2010, "911 was called for B[e]verly Antwi.  Beverly claimed that someone stole her food stamp card and used it, she stated that she also reported the matter to the 47th pct.  Beverly exhibited bizarre behavior, calling names and accusing other staff of stealing her personal belongings.  Beverly was taken to Montefiore North after being evaluated by EMS personnel."

The balance of the papers follow a similar format—copies of correspondence or FEGS progress notes accompanied by Plaintiff's disjointed and incomprehensible commentary.  In short, a statement of facts is markedly absent from Plaintiff's motion.  Nor does her reply brief contain a statement of facts.

## II. Procedural History

Plaintiff initiated this action in New York State Supreme Court, Bronx County, on or about January 4, 2013.  Notice of Removal, Doc. 1.  Defendant served its verified answer to the Complaint on January 31, 2013, and soon thereafter removed the case to federal court, on February 4, 2013.  *Id.*  Discovery, which included Plaintiff's deposition, has been concluded.

Plaintiff filed the instant motion on December 20, 2013.  On June 13, 2014, Defendant filed under seal a cross-motion for summary judgment in its favor, pursuant to Rule 56, and to dismiss Plaintiff's complaint in its entirety, pursuant to Rule 12.  Def.'s Opp. 3.  On July 2, 2014, the Court approved a briefing schedule whereby Plaintiff's opposition to Defendant's motion and Defendant's opposition to Plaintiff's motion were due by July 30, 2014; and Defendant's reply in support of its motion and Plaintiff's reply in support of her motion were due by August 15, 2014.  Doc. 33.  On July 29, 2014, Defendant timely filed its opposition to Plaintiff's instant motion.

*See* Docs. 37-39.  Plaintiff's reply in support of the instant motion, and opposition to *Defendant's* motion, were due by July 30, 2014.  On August 27, 2014, the Court issued an Order directing Antwi to file her reply and respond to Defendant's motion for summary judgment by no later than September 12, 2014.  Doc. 40.  On September 11, 2014, Plaintiff filed a reply brief in the form of a "notice of motion" and "affirmation in support of motion" requesting that the Court "please grant summary judgment" because "the facts in this case aren't disputable."  Reply Br. 1-2, 4.[2]  As of the date of the instant Amended Opinion and Order, the Court has yet to receive Plaintiff's opposition to Defendant's motion for summary judgment.  Plaintiff is reminded that failure to comply with the Court's orders may result in dismissal of her case pursuant to Rule 41 of the Federal Rules of Civil Procedure.

### III.   Legal Standard on Motion for Summary Judgment

#### A.  General Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)).  A fact is "material" if it might affect the outcome of the litigation under the governing law.  *Id.*  The party moving for summary judgment is first responsible for demonstrating the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Saenger v. Montefiore Med. Ctr.*, 706 F. Supp. 2d 494,

---

[2] The Court refers to the ECF page numbers for Plaintiff's reply brief, Doc. 42, as it lacks pagination.

504 (S.D.N.Y. 2010) (internal quotation marks omitted) (quoting *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008)).

In deciding a motion for summary judgment, the Court must "'construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant.'" *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.,* 368 F.3d 123, 126 (2d Cir. 2004)). However, in opposing a motion for summary judgment, the non-moving party may not rely on unsupported assertions, conjecture or surmise. *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). To defeat a motion for summary judgment, "the non-moving party must set forth significant, probative evidence on which a reasonable fact-finder could decide in its favor." *Senno*, 812 F. Supp. 2d at 467-68 (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 256–57 (1986)).

### B. Special Consideration Afforded to *Pro Se* Litigants

The Court holds submissions by *pro se* litigants to "less stringent standards than formal pleadings drafted by lawyers," *Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir. 1993) (quoting *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)), and is obligated to liberally construe their pleadings "to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (citations omitted). However, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### C. Law of the Claims

#### i. 42 U.S.C. § 1983

To prevail on a cause of action under 42 U.S.C. § 1983, a plaintiff must establish, by a preponderance of the evidence, that (1) the defendant deprived her of a right secured by the

6

Constitution or the laws of the United States and (2) in doing so, the defendant acted under color of state law.  *See, e.g.*, *Byng v. Delta Recovery Servs. LLC*, No. 13 Civ. 2958, 2014 WL 2493779, at *1 (2d Cir. June 4, 2014) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### ii.  Gross Negligence Under New York Law

Under New York law, a *prima facie* case of gross negligence requires the plaintiff to show:  (1) a duty to the plaintiff; (b) a breach of duty; (c) "a reasonably close causal connection between the contact and the resulting injury;" and (d) "actual loss, harm or damage." *Cromer Fin. Ltd. v. Berger*, 137 F. Supp. 2d 452, 495 (S.D.N.Y. 2001) (citation omitted).  To constitute gross negligence, "the act or omission must be of an aggravated character, as distinguished from the failure to exercise ordinary care," as gross negligence "evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing." *Id.* (citations and internal quotation marks omitted).

**IV.   Plaintiff Fails to Establish That She Is Entitled to Judgment As A Matter of Law.**

Neither party has submitted a Rule 56.1 statement in connection with the instant motion.  Under Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1"), a party moving for summary judgment under Rule 56 must submit a "separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried."  Local R. 56.1(a).  Each statement must be accompanied by a citation to admissible evidence.  Local R. 56.1(d); *see also* Fed. R. Civ. P. 56(c) (requiring reliance on admissible evidence in the record to support or controvert a purported material fact).  When the opposing party fails to respond to the moving party's Rule 56.1 Statement, "the material facts contained in the moving party's statement are deemed admitted as a matter of law." *Wali v. One Source Co.*, 678 F.

Supp. 2d 170, 177-78 (S.D.N.Y. 2009) (citing *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003); Local R. 56.1(c)).

The failure to file a Rule 56.1 Statement is, on its own, grounds for denial of a motion for summary judgment. *See* Local R. 56.1(a); *Purisima v. Tiffany Entm't*, No. 09 Civ. 3502 (NGG) (LB), 2014 WL 3828291, at *1 (E.D.N.Y. June 20, 2014), *report and recommendation adopted*, No. 09 Civ. 3502 (NGG) (LB), 2014 WL 3828376 (E.D.N.Y. Aug. 4, 2014) ("As courts in this district have observed repeatedly, the failure to file a Rule 56.1 Statement is grounds for dismissal of a motion for summary judgment."); *MSF Holding Ltd. v. Fiduciary Trust Co. Int'l*, 435 F. Supp. 2d 285, 304–05 (S.D.N.Y. 2006) (denying summary judgment motion where movant failed to submit required 56.1 statement). Yet, district courts have "broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001). As an alternative to ruling against the movant, "[w]here parties fail to file Rule 56.1 statements of fact, the court may choose to accept all factual allegations of the opposing parties as true for the purposes of deciding the motion … , or may alternately 'opt to conduct an assiduous review of the record.'" *Osuna v. Gov't Employees Ins. Co.*, No. 11 Civ. 3631 (JFB) (AKT), 2014 WL 1515563, at *2 (E.D.N.Y. Apr. 17, 2014) (citations omitted).

Here, the Court finds that, due to her failure to submit a clear description of the relevant facts, either through a Rule 56.1 statement or otherwise, a review of the record imposes a significant burden upon the Court. "The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz*, 258 F.3d at 74. Accordingly, notwithstanding her status as a *pro se* litigant, the Court DENIES Plaintiff's motion

based on her failure to comply with Local Rule 56.1. *Triestman*, 470 F.3d at 477 (*pro se* status does not excuse non-compliance with procedural rules); *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (holding that the trial court "is not required to consider what the parties fail to point out" in 56.1 statements); *see also Searight v. Doherty Enterprises, Inc.*, No. 02 Civ. 0604 (SJF) (JO), 2005 WL 2413590, at *1 (E.D.N.Y. Sept. 29, 2005) (denying defendants' motion for summary judgment where they failed to submit the required 56.1 statement, as the Court could not "adequately assess" whether any genuine issues of material fact existed); *cf. Osuna*, 2014 WL 1515563, at *2 (overlooking failure to file Rule 56.1 statements where record "contain[ed] sufficient evidence that is easily reviewable").

Indeed, Plaintiff's failure to submit a Rule 56.1 statement compounds the more fundamental problem with her motion: her failure to establish the absence of any genuine factual disputes. Moreover, to the extent that the Court can comprehend them, Plaintiff's annotations almost exclusively highlight, rather than resolve, factual disputes regarding her claims that FEGS (1) inappropriately used her social security number, (2) stole or retained her money from federal benefits programs or (3) forced her to be hospitalized against her will. *See generally* Pl.'s Mot. Thus, Plaintiff's assertions in her reply brief that "all evidence submitted … couldn't be in dispute because [it] was all legal court documentation submitted from my chart …," that she entered "non-disputable" Social Security documentation into evidence, and that "all points … are one-sided for [her] win" fail to provide a basis on which to find in her favor. Reply Br. 3-4.[3]

It is well-established that, "where the movant 'fail[s] to fulfill [her] initial burden' of providing admissible evidence of the material facts entitling [her] to summary judgment,

---

[3] The Court also notes that Plaintiff's reply brief appears to advance arguments about undisputed issues that do not have a bearing on summary judgment—for example, she notes that jurisdiction is not in dispute. Reply Br. 3-5. The lack of any dispute concerning jurisdiction does not establish a lack of genuine *factual* disputes, however.

summary judgment must be denied,' 'even if no opposing evidentiary matter is presented,' for the non-movant is not required to rebut an insufficient showing." *Giannullo*, 322 F.3d at 140-41 (citations omitted). Given that Plaintiff has failed to adequately identify undisputed facts in the record, and because she only offers unverified and conclusory assertions in support of her claims, she has failed to carry her burden at this juncture, leaving the Court no choice but to rule against her. Accordingly, the Court DENIES her motion for summary judgment.

## V.  Conclusion

For the reasons set forth above, Plaintiff's motion for summary judgment is DENIED. The Clerk of the Court is respectfully directed to mail a copy of the instant Amended Opinion and Order to Plaintiff and terminate the pending motion (Docs. 27, 42).

It is SO ORDERED.

Dated:   September 15, 2014
         New York, New York

_____
Edgardo Ramos, U.S.D.J.