UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEVERLY DIANE ANTWI,

                Plaintiff,

– against –

HEALTH AND HUMAN SYSTEMS
(CENTERS) F.E.G.S.,

                Defendant.

**OPINION AND ORDER**
13 Civ. 835 (ER)

Ramos, D.J.:

      This action, one of two brought in this Court by *pro se* litigant Beverly Diane Antwi ("Plaintiff"), arises from claims that Defendant Health & Human Services Systems (Centers) F.E.G.S. ("FEGS" or "Defendant"), a private non-profit health center where she resides and receives care, unlawfully hospitalized her against her will, denied her benefits from government programs and misappropriated federal funds intended for her use.[1] Liberally construed, the Complaint asserts claims against FEGS for gross negligence, "psychological abuse" and violations of her human and constitutional rights pursuant to 42 U.S.C. § 1983. *See* Doc. 1.

      Defendant now moves to dismiss the Complaint pursuant to Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure. *See* Def.'s Notice of Mot. at 1 (Doc. 32). Alternatively,

---

[1] In a separate, later-filed action, *Antwi v. Montefiore Med. Ctr.*, No. 14 Civ. 840 (ER), 2014 WL 6481996, at *1 (S.D.N.Y. Nov. 18, 2014), Plaintiff alleged that psychiatrists employed by Montefiore Medical Center involuntarily hospitalized her, placed her in a mandatory outpatient treatment program due to a "mix-up of records," and forcibly medicated her. In that case, this Court dismissed Antwi's Complaint, which alleged violations of 42 U.S.C. § 1983 against a private hospital and certain state law violations, based on its failure to state a claim and the Court's discretion to decline jurisdiction over state law claims where no federal claims remain. 2014 WL 6481996, at *6-7.

Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. *Id.* For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

I. **BACKGROUND**

On June 10, 2005, Plaintiff was involuntarily admitted to the Bronx Psychiatric Center on "2pc status."[2] Ex. G. at 46.[3] In March 2006, Plaintiff was discharged to a transitional living residence ("TLR"), *id.* at 2; and, a year later, in March 2007, Plaintiff was discharged from that TLR and referred to the Community Residence/Single Residence Occupancy facility operated by the Defendant located at 416 W. 127th White Plains Road, Bronx, New York. *Id.* at 4. On March 1, 2007, Plaintiff signed an occupancy agreement with FEGS whereby she consented to a monthly fee for residential services, which would be deducted from any monies that she received from Supplemental Security Income ("SSI"), public assistance, etc. Ex. E at 10–13. In addition, she acknowledged that she would receive a monthly personal needs allowance for a specified amount, and that she had the "[r]ight to refuse treatment and services as a legal competent adult." *Id.* at 13, 27. Each year, between 2008 and 2013, Plaintiff signed an updated agreement indicating the amount that she would pay for residential services and the amount she would receive as a personal needs allowance. *Id.* at 14-19.

Plaintiff commenced this action in New York State Supreme Court, Bronx County, on January 4, 2013. Notice of Removal (Doc. 1 at 6). Defendant removed the case to this Court on February 5, 2013. *Id.* at 1. Discovery, which included Plaintiff's deposition, concluded on November 22, 2013. Order by Judge Frank Maas (Doc. 24). On December 20, 2013, Plaintiff

---

[2] "2pc status" means the plaintiff was examined by two physicians certifying her need for involuntary treatment. Def.'s Mem. of L. at 2.

[3] References to exhibits within this Opinion refer to those exhibits attached to the Declaration of David Bloom, Esq., dated June 12, 2014, which have been submitted in support of the Defendant's motion. Bloom Decl. (Doc. 32).

filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Pl.'s Mot. (Doc. 27). On June 13, 2014, Defendant filed a motion to dismiss pursuant to Rule 12(b) or alternatively a motion for summary judgment pursuant to Rule 56. Def.'s Notice of Mot. (Doc. 32). Defendant argues that Plaintiff was required, under Rule 19 of the Federal Rules of Civil Procedure, to join the Social Security Administration and other state or federal agencies as parties in this action, and that Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) based on her failure to plead any cognizable claims upon which relief may be granted. *Id.* On July 2, 2014, the Court approved a briefing schedule whereby both parties' memoranda of law in opposition to each other's motions were due by July 30, 2014, and their reply memoranda of law in support of their motions were due by August 15, 2014. Endorsed Ltr. (Doc. 33). On July 29, 2014, Defendant timely filed its opposition to Plaintiff's motion for summary judgment. *See* Docs. 37–39. Plaintiff failed to timely file a reply in support of her motion and opposition to Defendant's motion. On August 27, 2014, the Court issued an Order directing Plaintiff to file her reply and to respond to Defendant's motion by September 12, 2014. Doc. 40. On September 11, 2014, Plaintiff filed a reply brief in the form of a "notice of motion" and "affirmation in support of motion" requesting that the Court "please grant summary judgment" because "the facts in this case aren't disputable." Pl.'s Notice of Mot. (Doc. 42 at 4). To date, Plaintiff has not filed any opposition to Defendant's motion. On September 15, 2014, the Court denied Plaintiff's motion for summary judgment. Doc. 43.

On April 16, 2015, this case was automatically stayed due to Defendant's Notice of Bankruptcy in the United States Bankruptcy Court for the Eastern District of New York, pursuant to Chapter 11 of the United States Code. (Doc. 45). On February 6, 2018, Defendant's Chapter 11 Plan was confirmed, thereby lifting the stay in this action. (Docs. 58, 59).

## II. RELEVANT LEGAL STANDARDS

### A. Motion to Dismiss for Failure to State a Claim

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), district courts are required to accept as true all factual allegations in the complaint and to draw all reasonable inferences in the plaintiff's favor. *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). However, this requirement does not apply to legal conclusions, bare assertions or conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In order to satisfy the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Id.* (citing *Twombly*, 550 U.S. at 570). Pleadings that tender "naked assertions devoid of further factual enhancement," *id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted), or "an unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).

In addition to requiring sufficient factual matter to state a plausible claim to relief, Rule 8 requires a "short and plain statement" of a plaintiff's claim in order to "give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 41–42 (2d Cir. 1988). It is within the court's discretion to dismiss a complaint "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Shomo v. New York*, 374 F. App'x 180, 182 (2d Cir. 2010) (quoting *Salahuddin*, 861 F.2d at 42).

### B. Special Consideration Afforded to *Pro Se* Litigants

The Court holds submissions by *pro se* litigants to "less stringent standards than formal pleadings drafted by lawyers," *Santiago v. United States*, 222 F. Supp. 3d 353, 356 (S.D.N.Y. 2016) (quoting *Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir. 1993)), and is obligated to

liberally construe their pleadings "to raise the strongest arguments that they suggest." *Id.* (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)). The obligation to be lenient while reading a *pro se* plaintiff's pleadings "applies with particular force when the plaintiff's civil rights are at issue." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Nonetheless, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)); *see also Zapolski v. Fed. Republic of Germany*, 425 F. App'x 5, 6 (2d Cir. 2011) (*pro se* plaintiffs must plead sufficient facts to establish a plausible claim to relief and establish subject matter jurisdiction).

## III. DISCUSSION

### A. Motion to Dismiss for Failure to State a Claim

#### 1) Federal Claims

To prevail on a cause of action under 42 U.S.C. § 1983, a plaintiff must establish, by a preponderance of the evidence, that (1) defendant deprived her of a right secured by the Constitution or the laws of the United States and (2) in doing so, the defendant acted under color of state law. *See*, *e.g.*, *Byng v. Delta Recovery Servs. LLC*, No. 13 Civ. 2958, 2014 WL 2493779, at *1 (2d Cir. June 4, 2014) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Plaintiff alleges "Due to a denial of <u>human rights and civil liberties</u>, I was repeatedly sent for psychiatric hospitalizations illegally; deniying [sic] me my right to complain without fear of reprisal." Doc. 1 at 9 (emphasis in original). It is well established that involuntary confinement and forced medication constitute significant deprivations of liberty requiring due process protection. *See Addington v. Texas*, 441 U.S. 418, 425 (1979) (citing numerous cases in which the Supreme Court affirmed this principle

5

with regard to involuntary commitment). The issue in this case is whether Defendant was a state actor when it referred plaintiff for psychiatric hospitalizations against her will. Doc. 1.

"[P]rivate conduct, no matter how discriminatory or wrongful," is not controlled by § 1983, *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999), except in the limited situations where a "private entity's challenged actions are 'fairly attributable' to the state." *Fabrikant v. French,* 691 F.3d 193, 207 (2d Cir. 2012) (quoting *Rendell–Baker v. Kohn,* 457 U.S. 830, 838 (1982)). "The conduct of private actors can be attributed to the State" for § 1983 purposes if: "(1) the State compelled the conduct, (2) there is a sufficiently close nexus between the State and the private conduct, or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State." *Hogan v. A.O. Fox Mem'l Hosp.,* 346 F. App'x. 627, 629 (2d Cir. 2009).

Plaintiff offers no facts or arguments to establish that Defendant, a *private* non-profit health center, meets the state action requirement of § 1983. Def. Mem. L. at 8. In numerous § 1983 cases involving private hospitals and health care professionals, Southern District courts have found that none of the three tests for state action—"state compulsion," "close nexus," and "public function"— are satisfied. *See, e.g.*, *McGugan v. Aldana-Bernier*, No. 11 Civ. 342 (TLM), 2012 WL 1514777, at *4 (E.D.N.Y. Apr. 30, 2012) *aff'd* 752 F.3d 224 (2d Cir. 2014); *Amofa v. Bronx-Lebanon Hosp. Center*, No. 05 Civ. 9230 (SHS), 2006 WL 3316278, at *4 (S.D.N.Y. Nov. 13, 2006); *Turturro v. Continental Airlines*, 334 F. Supp. 2d 383, 395–97 (S.D.N.Y. 2004); *Doe v. Harrison*, 254 F. Supp. 2d 338, 342–45 (S.D.N.Y. 2003); *Doe v. Rosenberg*, 996 F. Supp. 343, 353 (S.D.N.Y. 1998), *aff'd* 166 F.3d 507 (2d Cir. 1999); *Alcena v. Raine*, 692 F. Supp. 261, 266-67 (S.D.N.Y. 1988). Nor are they satisfied in the instant case. Prior to Plaintiff's residence at FEGS, she was involuntarily committed to the state-operated Bronx Psychiatric Center. Pl.'s Medical Records (Ex. G). She was later discharged to a TLR and eventually referred to Defendant's facility in the Bronx. *Id.* She voluntarily signed an occupancy agreement with FEGS and acknowledged that she had a right

to refuse treatment and services. The State did not compel any of the conduct that Plaintiff claims violated her rights. In addition, a sufficiently close nexus between the State and the private conduct alleged here does not exist because there are no facts to indicate that the State and FEGS are in any way interdependent or affiliated. *See Rosenberg*, 996 F. Supp. at 352 ("The instant case does not involve a situation where the State has so far insinuated itself into a position of interdependence with the private party that it was a joint participant in the enterprise.") (quotations omitted). Lastly, the private conduct does not consist of activity that has traditionally been the exclusive prerogative of the State. *See id.* at 353 ("This exclusion function theory is related to situations where the State delegates its responsibilities to private parties and then attempts to escape liability for constitutional violations caused by private parties acting pursuant to the delegation."). Because Plaintiff cannot establish state action, her § 1983 claim must be dismissed.

**2) State Claims**

In addition to her § 1983 claim, Plaintiff's Complaint may be liberally construed to allege claims for gross negligence and "psychological abuse," under state law. Pursuant to 28 U.S.C. § 1367(c)(3), when a court has dismissed all of the claims over which it has original jurisdiction, it may decline to exercise jurisdiction over any non-federal claims over which it could have exercised supplemental jurisdiction. Subject matter jurisdiction in the instant action is based on federal question jurisdiction. 28 U.S.C. § 1331. Having dismissed all of Plaintiff's federal claims under Rule 12(b)(6), it would be inappropriate to adjudicate her state law claims. *See Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 404 (2d Cir. 2017) (noting that "after all federal claims have been dismissed, the default rule is that federal courts should not decide related state–law claims unless there is good reason for doing so") (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.")); *McGugan*, 2012 WL 1514777, at *8 ("[W]hen all federal claims are eliminated in the

early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims and dismissing them without prejudice."). Therefore, all non-federal claims in the Complaint are hereby dismissed as well.[4]

## IV. Conclusion

For the reasons set forth above, Defendant's motion to dismiss Plaintiff's claim pursuant to Rule 12(b)(6) is GRANTED. The Court declines to exercise supplemental jurisdiction over her remaining claims pursuant to 28 U.S.C. § 1367(c)(3) and therefore dismisses them without prejudice. The Clerk of the Court is respectfully directed to mail a copy of this Opinion to Plaintiff, terminate the motion (Doc. 32), and close the case.

SO ORDERED.

Dated: May 18, 2018
New York, New York

Edgardo Ramos, U.S.D.J.

---

[4] To the extent that Plaintiff intended to plead any federal causes of action besides the § 1983 claim the Court construes her Complaint to allege, the Complaint falls short of Rule 8's requirement that a complaint provide a short and plain statement of a plaintiff's claim in order to allow the adverse party to contest the plaintiff's allegations.

Defendant filed this motion as a motion to dismiss, or alternatively summary judgment. Because this Court dismisses this action based on Plaintiff's failure to state a claim, the court need not address the Defendant's argument that it is entitled to summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Likewise, having dismissed Plaintiff's claims pursuant to Rule 12(b)(6), the Court need not reach the issue of whether dismissal is warranted under Rule 12(b)(7) for failure to join a proper party.